Filed 6/28/24  In re K.C. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re K.C. et al., Persons Coming Under the Juvenile Court Law. | B317202 (Los Angeles County Super. Ct. No. 21CCJP02480A-D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. ANDREW C. et al., Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, Robin R. Kesler, Juvenile Court Referee. Affirmed.

Jesse Frederic Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant Andrew C.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant Ronald B.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Melania Vartanian, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Ronald B. and Andrew C. appeal from some of the juvenile court's jurisdictional findings and the dispositional orders declaring minors R.B., B.B., C.B., and K.C. dependents of the court and removing them from parental custody.[1] Substantial evidence supports the orders Andrew C. is unable to control his violent impulses and Ronald B. has failed to put the children's safety above his drug use. Their challenges also fail because they did not address the finding mother increased the risk of serious harm to the children by failing to protect them from Ronald B.'s drug use and Andrew C.'s physical abuse. As this independently supports dependency jurisdiction under Welfare and Institutions Code section 300, we affirm.[2]

---

[1] Nicole B. (mother) is not a party to the appeal.

Though we find the failure to challenge the final custody orders at the time jurisdiction was terminated renders the appeal moot, we exercise our discretion to discuss the issue in this opinion.

[2] All further unattributed statutory references are to the Welfare and Institutions Code.

# FACTUAL BACKGROUND

Mother is the mother of all four children: R.B. (born September 2013), B.B. (born October 2014), C.B. (born October 2017), and K.C. (born August 2020). Ronald B. is the presumed father of R.B., B.B. and C.B. Andrew C. is the presumed father of K.C.

In May 2021, the Los Angeles County Department of Children and Family Services (the Department) received a referral Andrew C. intentionally burned C.B. with a cigarette. This resulted in a petition alleging jurisdiction under section 300 for physical abuse by Andrew C. and neglect by mother. Included were allegations Andrew C. physically abused C.B. by burning his face with a cigarette, physically abused R.B. by striking and kicking him, and, through this conduct, substantially increased the risk of harm to their siblings. The Department alleged Andrew C. pushed and choked mother and engaged in other violent altercations in the children's home. Included were allegations Andrew C.'s current abuse of alcohol rendered him unable to provide regular care for the children. Mother was alleged to have failed to protect the children from the physical and substance abuse of Andrew C.

Ronald B. is married to mother, but they have been separated since 2017. Mother had legal and physical custody of R.B., B.B., and C.B. under a family court order. Also, mother, R.B., B.B., and C.B. were protected from Ronald B. by a 10-year protective order issued on September 25, 2019. Ronald B. was allowed visitation with the children as ordered by a family, juvenile, or probate court.

When Ronald B. appeared in the case, a first amended petition was filed, alleging his abuse of marijuana interferes with

3

his ability to provide regular care of the children. The amended petition also alleged Ronald B. had mental and emotional problems for which he was not receiving treatment and interfered with his ability to provide regular care for the children.

**Department's investigation**

The children reported Andrew C. intentionally burned C.B. with his cigarette. Andrew C. claimed it was an accident, and C.B. had "fall[en]" into the cigarette.

There were also reports from the children Andrew C. would hit them, prompting mother to argue with Andrew C. when she found out. Both mother and Andrew C. denied he ever hit the children.

Additionally, the children claimed mother and Andrew C. screamed and pushed each other. During one fight, Andrew C. tried to pull K.C. from mother's arms, resulting in them pulling the child "back and forth." Mother said during other fights, Andrew C. had pushed her into a dresser and choked her. Police had been to their house numerous times due to the fights between the couple. Andrew C. denied domestic violence, claiming mother likes to call the police and exaggerate.

Regarding Ronald B., mother stated he had a long history of marijuana and methamphetamine use. Ronald B. admitted smoking marijuana daily, but denied using methamphetamine. When asked about a methamphetamine pipe found on him while R.B. and B.B. were in his care, Ronald B. claimed he found it on the ground and put it in his pocket so other children would not pick it up.

Ronald B. said he uses marijuana to treat his anxiety, posttraumatic stress syndrome, and major depression. He

reported a moderate level of depression and acknowledged his issues with alcohol and marijuana.

**Jurisdiction and disposition hearing**

In December 2021, the court sustained the petition, finding Andrew C. purposefully burned C.B. with a cigarette, had been physically abusive to the children, and mother was aware of this abuse. The court also found Andrew C. and mother engaged in domestic violence in the children's home. Ronald B. was found to have posttraumatic stress syndrome and to use marijuana to treat this condition.

Based on these findings, the children were declared dependents of the court and were removed from the physical custody of the parents. Reunification services were ordered, and mother was directed to complete parental education classes and to participate in a domestic violence support group and individual counseling.

**Termination and final custody orders**

Less than one year later, in October 2022, the juvenile court terminated jurisdiction over the children. Mother obtained sole physical and legal custody of R.B., B.B., and C.B. Ronald B. was allowed monitored visits. Mother and Andrew C. obtained joint legal and physical custody over K.C.

**Appeals**

Ronald B., Andrew C., and mother filed separate notices of appeal directed only at the December 2021 order finding dependency jurisdiction over the children. None appealed from the termination of jurisdiction or the final custody orders.

Mother's appeal was subsequently dismissed as abandoned.[3] This opinion resolves the appeals of Ronald B. and Andrew C.

## CONTENTIONS ON APPEAL

Ronald B. and Andrew C. argue their challenges to the jurisdictional and dispositional findings are ripe, despite the termination of dependency jurisdiction. Ronald B. contends the jurisdictional and dispositional findings his substance abuse and mental illness endangered the children are not supported by substantial evidence. Andrew C. contends the finding he engaged in physical abuse of his child's half-siblings is insufficient to establish jurisdiction over his child.

## DISCUSSION

### I. Ronald B. and Andrew C.'s appeals are moot

Ronald B. and Andrew C. did not challenge the termination of dependency jurisdiction; instead, they appealed only the earlier jurisdictional and dispositional orders. An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot. (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) Here, we cannot provide any effective relief from the earlier jurisdictional and disposition orders because dependency jurisdiction was terminated.

---

[3]    Mother's appointed counsel filed a brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835. No supplemental brief was filed, and her appeal was dismissed on April 14, 2023.

Dismissal of a dependency appeal for mootness following termination of jurisdiction "is not automatic, but 'must be decided on a case-by-case basis.'" (*In re C.C., supra*, 172 Cal.App.4th at p. 1488.) Here, unless the order terminating dependency is reversed, the juvenile court has no jurisdiction to conduct further hearings in the now-closed case. To obtain the relief they seek, Ronald B. and Andrew C. were required to appeal the final custody orders or the termination order. Since those orders were not challenged, they are not before us or subject to appellate review. As a result, the appeals directed to the earlier jurisdictional and dispositional orders are moot.

We have discretion to reach the merits of a moot appeal, especially when the challenged orders "'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,'" or "'"could have other consequences for [the appellant], beyond jurisdiction."'" (*In re D.P.* (2023) 14 Cal.5th 266, 283.) Ronald B. argues the findings regarding his substance abuse and mental health issues might prejudice him in future family law cases. He fails to identify any specific evidence demonstrating such a case is likely or imminent.

Andrew C. argues the physical abuse findings could subject him to inclusion in the Child Abuse Central Index (CACI). However, he does not show his name has been submitted for inclusion in CACI. He fails to show there is any possibility he will be included in the index.

Their arguments are thus too speculative to support exercising discretionary review over their moot appeals. Further, as discussed below, neither addressed the findings showing dependency jurisdiction existed independent of them. This independent jurisdiction existed because mother endangered the

children through her neglect of the risks created by Andrew C.'s physical abuse of the children and Ronald B.'s substance abuse and mental health issues. Even if Andrew C. and Ronald B. successfully challenged the findings applicable to them, the conclusion concerning mother's neglect will remain. Under these circumstances, we need not exercise our discretion and consider their challenges. As the following shows, we will affirm the juvenile court orders because, even if the appeals were not moot, no reversible error has been identified.

## II. Ronald B. and Andrew C. failed to address all bases for jurisdiction

Ronald B. and Andrew C. failed to challenge all the grounds for establishing jurisdiction over the children. The "principle that '[d]ependency jurisdiction attaches to a child, not to his or her parent' [citation], means that ' "[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate" ' [citation]. Thus, where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot. [Citation.] The same is true where there are multiple findings against one parent; the validity of one finding may render moot the parent's attempt to challenge the others." (*In re D.P., supra*, 14 Cal.5th at pp. 283-284.) "As long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate." (*In re Ashley B.* (2011) 202 Cal.App.4th 968, 979.)

Here, the jurisdiction and disposition orders are based on the juvenile court sustaining counts under three different subdivisions of section 300: subdivisions (a), (b)(1), and (j). For section 300, subdivision (a), the court found Andrew C. had

physically abused C.B. by burning his face with a cigarette and had physically abused the children through "spanking and hitting." Further, Andrew C. and mother had endangered the children through domestic violence between them. For section 300, subdivision (b), the court found mother endangered the children by failing to protect them from the physical abuse and domestic violence. In addition, the court found mother failed to protect the children from dangers created by Andrew C.'s and Ronald B.'s substance abuse. It also found mother failed to protect the children from Ronald B.'s mental health issues and these issues rendered Ronald B. incapable of providing regular care to the children. For section 300, subdivision (j), the court found the physical abuse of C.B. and R.B. endangered the siblings, B.B., and K.C. Mother abandoned her appeal, leaving the court's order intact.

Neither Ronald B. nor Andrew C. challenged the jurisdictional findings concerning mother. Thus, mother's failure to protect the children from Andrew C.'s physical abuse of R.B. and C.B., from the domestic violence between herself and Andrew C., and from Andrew C.'s substance abuse remains bases for dependency jurisdiction.

"[A] jurisdictional finding good against one parent is good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent." (*In re Alysha S.* (1996) 51 Cal.App.4th 393, 397.) Since the jurisdictional findings based on mother's neglect are unchallenged, the juvenile court has jurisdiction over the children. Even if Ronald B. and Andrew C. were successful in their appeals to the findings based on their own conduct, they will not obtain a favorable result.

"We will not reverse for error unless it appears reasonably probable that, absent the error, the appellant would have obtained a more favorable result." (*In re Jonathan B.* (1992) 5 Cal.App.4th 873, 876.) Because jurisdiction is proper on grounds they did not address, they have not shown grounds to reverse. Thus, we affirm the juvenile court's orders.

## III. Substantial evidence supports the court's findings regarding Andrew C. and Ronald B.

Even if we were to overlook the issues of mootness and waiver, Ronald B.'s and Andrew C.'s appeals would fail because substantial evidence in the record supports the court's findings.

### A. *Standard of review*

We review the parents' challenge to the sufficiency of the evidence supporting the juvenile court's jurisdictional and dispositional orders under the substantial evidence standard. (*In re Hailey T.* (2012) 212 Cal.App.4th 139, 145-146 [disposition]; *In re Alexis E.* (2009) 171 Cal.App.4th 438, 450 [jurisdiction].) Under that standard, "the issue is whether there is evidence, contradicted or uncontradicted, to support the finding. In making that determination, the reviewing court reviews the record in the light most favorable to the challenged order, resolving conflicts in the evidence in favor of that order, and giving the evidence reasonable inferences. Weighing evidence, assessing credibility, and resolving conflicts in evidence and in the inferences to be drawn from evidence are the domain of the trial court, not the reviewing court. Evidence from a single witness, even a party, can be sufficient to support the trial court's findings." (*Alexis E.*, at pp. 450-451.)

### B. *Andrew C.'s physical abuse of C.B. and R.B. placed the children at harm*

In his appeal Andrew C. does not dispute the findings he physically abused C.B. and R.B. His sole argument is these findings do not support dependency jurisdiction as to K.C. because C.B. and R.B. are not his biological or adoptive children.

Subdivision (a) of section 300 states in relevant part a child comes within the jurisdiction of the juvenile court where "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian." Subdivision (b) of section 300 states in relevant part a child comes within the jurisdiction of the juvenile court where "the child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of any of the following: [¶] (A) The failure or inability of the child's parent or guardian to adequately supervise or protect the child. [¶] (B) The willful or negligent failure of the child's parent or guardian to adequately supervise or protect the child from the conduct of the custodian with whom the child has been left." The role of the juvenile court is to protect children who have been harmed or are at risk of harm. (*In re Nolan W.* (2009) 45 Cal.4th 1217, 1233.)

The record shows Andrew C. purposely burned C.B. with his cigarette and Andrew C. would hit the children, arguing with mother when she found out. The children were living in the home with Andrew C. and the juvenile court found he "occup[ies] a parental role in these children's lives living with the mother."

Andrew C.'s physical abuse of two of the children in his care increased the risk any of the children in his care, including K.C., could be harmed by his conduct. His inability to control

11

himself increased the risk he could harm any of the children. Thus, there was sufficient evidence to show dependency jurisdiction exists under section 300, subdivisions (a) and (b), to protect the children from the substantial risk of harm created by Andrew C.'s physical abuse.

### C. *Ronald B.'s substance abuse placed the children at harm*

We conclude substantial evidence supports the findings regarding Ronald B.'s substance abuse and the risk posed to the children. Dependency jurisdiction for substance abuse is found in section 300, subdivision (b), when there is excessive use of drugs or alcohol that renders "a parent or guardian unable to provide regular care for a child and either cause the child to suffer serious physical harm or illness or place the child at substantial risk of suffering such harm or illness." (*In re N.R.* (2023) 15 Cal.5th 520, 531.) A professional diagnosis or satisfaction of the Diagnostic and Statistical Manual of Mental Disorders criteria can be relevant, but is not required. (*Ibid.*)

Ronald B. possessed a methamphetamine pipe when R.B. and B.B. were in his care. At that time Ronald B. admitted using methamphetamine one week earlier and a couple of times per month. A source reported Ronald B. used methamphetamine years ago, and he might be using again based on his behavior. When high, Ronald B.'s eyes were dilated and red, he would not make any sense when talking and he would become enraged and angry. When he was coming down, Ronald B. would sleep all day. It was reported he allowed homeless people to smoke inside his home.

Ronald B. admitted to currently smoking marijuana twice daily, but denied the methamphetamine pipe in his pocket in

12

2019 was his, claiming he found it and denied using methamphetamine. Mother, however, reported Ronald B. had a long history of methamphetamine and marijuana use, prompting her to end their relationship.

When viewed together, Ronald B.'s denial of methamphetamine use, his risky conduct with strangers, and his behavioral deterioration support a finding his drug use was excessive and detrimental to the children. His conduct is not the behavior of a parent who is responsibly managing a recreational drug habit; rather, it is the behavior of someone in the grips of a serious substance abuse problem that has a negative impact on his life.

A source reported when the children were visiting Ronald B. in 2019, a marijuana pipe, a glass pipe and marijuana baggies were on the table in his home, filled with trash, wrappers, clothing and papers strewn about the living room area. Ronald B. refused to allow the source to see the rest of the living conditions, but a broken back window was observed along with shattered glass on the floor by the child's room. A sheet had been used to prevent the source from seeing any more of the inside of the home. The same source saw the boys, one without a shirt, with bruises on his arms. B.B. had a bruise on his stomach. C.B. was not there because the last time mother allowed Ronald B. to visit, he did not have any baby formula and he never changed C.B.'s diaper.

These facts combine to show Ronald B.'s judgment was impaired to the point he saw nothing wrong with exposing his children to such obvious safety threats. It is reasonable to draw an inference from Ronald B.'s behavior, the condition of his home, the physical state of the children, and Ronald B.'s drug use was

creating a substantial risk of harm to the children when they were in his care, indicating Ronald B. prioritized his drug use above his children's safety.

**D.    *Ronald B.'s drug abuse supported the removal order*[4]**

Ronald B.'s drug use also supports the removal order. Section 361, subdivision (d) addresses removal of a dependent child from parents with whom the child did not reside at the time the dependency petition was filed. The statute prohibits removal from such a parent in the absence of clear and convincing evidence of a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the child, and no reasonable means to protect the child without removal. "A removal order is proper if based on proof of parental inability to provide proper care for the child and proof of a potential detriment to the child if he or she remains with the parent." (*In re N.M.* (2011) 197 Cal.App.4th 159, 169.) ""The parent need not be dangerous and the minor need not have been actually harmed before removal is appropriate. The focus of the statute is on averting harm to the child." [Citation.] The court may consider a parent's past conduct as well as present circumstances.'" (*In re John M.* (2012) 212 Cal.App.4th 1117, 1126.) "We review a

---

[4]    Ronald B. also challenged the findings regarding his mental and emotional issues. "[A] single jurisdictional finding supported by substantial evidence is sufficient to support jurisdiction and render moot a challenge to the other findings." (*In re M.W.* (2015) 238 Cal.App.4th 1444, 1452.) Since we find substantial evidence supported dependency jurisdiction based on his excessive drug use, we decline to consider his other jurisdictional challenges.

dispositional order removing a child from parental custody for substantial evidence." (*In re D.G.* (2012) 208 Cal.App.4th 1562, 1574.)

The evidence described above shows Ronald B.'s recent past, excessive drug use created a substantial danger to the physical health and safety of the children. Drug paraphernalia was in his home, strangers were allowed to sleep there, shattered glass was on the floor, and Ronald B. tried to conceal the inside of his home with a sheet. The children had bruises. C.B. was not there because his diaper had not been changed and there was no formula to feed him. These facts constitute substantial evidence supporting the juvenile court orders.

## DISPOSITION

The orders of the juvenile court are affirmed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
ASHMANN-GERST, J.